(Lucas County Court of Common Pleas.)

ZEIGLER *v.* ASHLEY ET AL. AND THE CITY OF TOLEDO.

In a suit for damages for injuries resulting from an unguarded excavation in a street, the city cannot be joined with the parties responsible for the excavation, in the same action.—[*Ed. Bulletin.*]

Action for damages for personal injuries.

LEMMON, J.

Plaintiff alleged in his petition that defendants Bentley and Ashley were, on the 19th of October, 1892, constructing a large building on the corner of Jefferson and Michigan streets (The Monticello); that in the construction of said building, and prior to said date, said defendants had caused an excavation to be dug extending into said Jefferson street; that while it was the duty of said defendants to guard said excavation, they were negligent in this regard, and that plaintiff, while walking along said street on the night of said day, fell into said excavation, and suffered the damages for which he seeks compensation.

The negligence charged against the city was that it knowingly permitted said excavation to be and remain without sufficient guards to protect the public.

The city, having obtained leave of the court to withdraw its answer and to file a special demurrer, demurred to said petition, for the reason that separate causes of action against several defendants were so improperly joined.

This demurrer was sustained by the court, upon the ground that the city not having created the danger, would not be liable in this cause without actual notice of the dangerous condition of said excavation, or unless the same had existed for such length of time prior to the accident as to charge the city with constructive notice thereof; and on the ground that this constituted a separate cause of action against the city, because the negligence of its co-defendants was in not sufficiently protecting the public against a danger they had created.

It was further claimed by counsel for the city that the action being joint, the judgment, if rendered against defendants, must be joint; and that if the city was required to pay the judgment, there could not be that contribution or indemnity which the law gives a municipality in cases where it has been required to pay damages resulting from the negligence of third parties.

This claim was also sustained by the court.

*James E. Pilliod*, for plaintiff.
*Chas. F. Watts* and *Julian H. Tyler*, for the City.
*Swayne, Swayne, Hayes & Tyler*, *C. S. Ashley* and *Alex L. Smith*, for other defendants.—(*Toledo Legal News.*)